Ocwen Loan Servicing, LLC v Pacheco (2022 NY Slip Op 05009)

Ocwen Loan Servicing, LLC v Pacheco

2022 NY Slip Op 05009

Decided on August 23, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 23, 2022

Before: Renwick, J.P., Mazzarelli, Gesmer, González, JJ. 

Index No. 850228/15 Appeal No. 15915 Case No. 2020-02952 

[*1]Ocwen Loan Servicing, LLC, Plaintiff-Respondent,
v
Carmen A. Pacheco et al., Defendants-Appellants, Akam Associates Inc., et al., Defendants.

Law Office of Joseph E. Ruyack, III, Chester (Joseph E. Ruyack, III of counsel), for appellants.
Knuckles, Komosinski & Manfro, LLP, Elmsford (Louis A. Levithan of counsel), for respondent.

Appeal from decision, Supreme Court, New York County (Deborah E. Edelman, Special Referee), entered September 30, 2019, which determined, after a hearing ordered in connection with plaintiff's motion for summary judgment and defendants' cross motion for summary judgment based on, inter alia, lack of standing, that plaintiff had possession of the note at the time of the commencement of the action, unanimously dismissed, without costs, without prejudice to defendants' taking of an appeal from the ultimate disposition of the summary judgment motions.
On or about March 31, 2017, plaintiffs moved by notice of motion for, inter alia, summary judgment and defendants cross-moved, inter alia, for summary judgment dismissing the complaint for lack of standing. The motion court directed the parties, by interim order dated February 13, 2018, "to appear before a court attorney referee to determine if plaintiff had possession of the note at the time of commencement of this action."
After a hearing, the court attorney referee issued the decision now appealed from. Although captioned "decision and order," it does not constitute an order determining a motion made on notice (CPLR 5701[a][2]). The decision concludes, "it is my determination that the issue referred to the Special Referee Part should be answered in the affirmative: plaintiff had possession of the note at the time of commencement of this action." Defendants appeal from this determination, although it is not contained in a decretal paragraph. The decretal paragraph directs only that defendants' counsel e-file an affirmation, and that plaintiff's counsel serve a copy of the referee's "Decision and Order" on all parties within 10 days. No one appeals from either of these directives, and the better practice would be for defendants to appeal from the ultimate disposition of their cross motion for summary judgment, which, after all, the reference was designed to assist the motion court in deciding. Accordingly, the appeal is dismissed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 23, 2022